IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 6, 2003

## STATE OF TENNESSEE v. CHAUNCEY DAUGHERTY

**Direct Appeal from the Criminal Court for Shelby County**
**No. 00-06451      W. Fred Axley, Judge**

---

**No. W2002-01141-CCA-R3-CD - Filed May 16, 2003**

---

A Shelby County jury convicted the defendant, Chauncey Daugherty, of driving under the influence, second offense. The trial court sentenced him to eleven months and twenty-nine days and ordered 180 days be served in the county workhouse followed by probation. On appeal, the defendant maintains the evidence was insufficient to support the conviction. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Robert Little, Maplewood, New Jersey (on appeal), and Darryl W. Humphrey, Memphis, Tennessee (at trial), for the appellant, Chauncey Daugherty.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; William L. Gibbons, District Attorney General; and E. Greg Gilluly, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

During the early morning hours of October 15, 1999, while on patrol on Havana Road in Shelby County, Officer Darren Boyce observed the defendant "passed out" behind the wheel of a black pickup truck. Officer Boyce testified the vehicle was parked on a public road; the keys were in the ignition; the engine and headlights were on; and the motor was running. The officer stated he reached inside the vehicle and turned off the engine. He observed a one-quart bottle of Colt 45 malt liquor in the defendant's lap, removed the bottle, and placed it on top of the vehicle.

Officer Boyce testified that after several unsuccessful attempts, he finally awoke the defendant. The officer stated he smelled a strong odor of alcohol on the defendant's person, and his speech was slurred. The defendant was "talking out of his head" and "mumbling." Officer Boyce

then requested the defendant exit his vehicle and placed him in the back of the patrol car. The officer stated he asked the defendant whether he had been drinking alcohol, and the defendant did not respond.

Officer Boyce testified he called the dispatcher and requested a DUI officer. He stated that after the DUI officer arrived, he observed the defendant as he performed a series of field sobriety tests. Officer Boyce opined that the defendant performed "poorly" on the tests. The defendant refused to submit to a blood-alcohol test.

Officer Robert Galison, a DUI technician, testified he administered a series of field sobriety tests on the defendant. He opined that the defendant performed "poorly" on the tests and concluded the defendant was intoxicated.

The defendant testified that on October 15, 1999, at approximately 6:00 p.m., he drove to the residence of Michael Williams located on Havana Road. While at Williams' residence, he drank three to four forty-ounce bottles of Colt 45 malt liquor. The defendant stated that at approximately 11:30 p.m., he attempted to start his vehicle, but it would not start due to a faulty starter. Williams had just left the residence, and the defendant waited in his vehicle for Williams to return. The defendant stated he walked to a convenience store where he purchased a beer, and upon returning to his vehicle, he took one drink before falling asleep.

The defendant testified he put the keys in the ignition of the vehicle and turned on the radio, but he could not start the vehicle. He stated that when the officer arrived, he had been asleep for approximately three hours. The defendant admitted he was intoxicated and acknowledged that he performed "poorly" on the field sobriety tests. The defendant stated he informed the officer that the vehicle's clutch was "slipping" but never mentioned the faulty starter.

The defendant testified that upon being released from custody two days later, he retrieved his vehicle from a police impoundment lot. However, because the vehicle failed to start, a wrecker towed the vehicle to his residence. The vehicle was repaired two months later. The defendant stated he did not drive the vehicle until it was repaired.

Vincent Daugherty, the defendant's brother, testified he accompanied the defendant to the impoundment lot to retrieve the vehicle. He stated the vehicle would not start and was towed from the impoundment lot to the defendant's residence.

The jury convicted the defendant of driving under the influence, second offense. The trial court imposed an eleven-month, twenty-nine-day sentence, with 180 days to be served in the county workhouse followed by probation.

**SUFFICIENCY**

The defendant contends the evidence was insufficient to support his conviction for DUI. Specifically, he argues the proof failed to establish he was in physical control of the vehicle prior to his arrest. We disagree.

## A. Standard of Review

In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *Id.*; State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). The appellant has the burden of overcoming this presumption of guilt. *Id.*

## B. Analysis

As it is applicable to the case at bar, the DUI statute provides that "[i]t is unlawful for any person to drive or be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state . . ." while under the influence of an intoxicant. Tenn. Code Ann. § 55-10-401(a)(1).

In determining whether a defendant was in physical control of an automobile, the trier of fact should consider the "totality of the circumstances." State v. Lawrence, 849 S.W.2d 761, 765 (Tenn. 1993). The trier of fact may consider numerous factors, including the location of the defendant in relation to the vehicle; the location of the ignition key; whether the motor was running; the defendant's ability, but for his intoxication, to direct the use or non-use of the vehicle; and the extent to which the vehicle is capable of operation or movement under its own power or otherwise. *Id.*

In the case at bar, the evidence, as viewed in a light most favorable to the state, reveals that Officer Boyce observed the defendant's vehicle parked on Havana Road during the early morning hours of October 15, 1999. According to Officer Boyce's testimony, the defendant was "passed out" behind the wheel of the vehicle; the keys were in the ignition; the headlights were on; and the motor was running. We conclude that under the totality of the circumstances, the evidence was sufficient to establish the defendant was in physical control of the vehicle.

The defendant contends that, contrary to Officer Boyce's testimony, his vehicle would not operate due to a faulty starter. However, this argument involves an issue of credibility, which is within the purview of the jury as triers of fact. This issue is without merit.

Accordingly, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE